ALFRED SAVIGNAC, PLAINTIFF IN ERROR, v. ABRAHAM GARRISON.

The act of congress passed on the 13th of June, 1812, confirmed the titles to out-lots in the town of St. Louis, in Missouri, upon certain conditions, and the act of 26th of May, 1824, required the performance of these conditions, and the boundaries of the lot to be proved before the recorder of land titles.

Whether the lot and conditions came within the purview of the act of 1812, were questions of fact for the jury. The neglect to procure the survey and location under the act of 1824, did not forfeit the title acquired under the act of 1812.

The case of Guitard et al. v. Stoddard, 16 How. 494, controls this case.

This case was brought up by writ of error from the circuit court of the United States for the district of Missouri.

The case is stated in the opinion of the court.

It was argued by *Mr. Baxter*, for the plaintiff in error, and *Mr. Ewing*, for defendant.

The decision of the court being that the case of Guitard et al. *v.* Stoddard controls this one with respect to the instructions given by the court below, it is not thought advisable to report the arguments of counsel, which covered the whole case.

Mr. Justice NELSON delivered the opinion of the court.

This is a writ of error to the circuit court of the United States for the district of Missouri.

The plaintiff below, Garrison, brought an action of ejectment against Savignac, to recover the possession of a lot of land in the city of St. Louis, claiming title derived from the confirmation of Mordecai Bell's Spanish claim by the act of congress of 1835.

The defendant claimed title to the lot under the 1st section of the act of 13th of June, 1812, which provided "that the rights, titles, and claims to town or village lots, out-lots, common field lots, and commons, in, adjoining, and belonging to the several towns or villages, (enumerating several, of which St. Louis was one,) which lots have been inhabited, cultivated, or possessed prior to the 20th December, 1803, shall be, and the same is hereby confirmed to the inhabitants of the respective towns or villages, according to their several right or rights in common thereto."

Evidence was given on the trial, by the defendant, deducing a title or claim to the lot in question, derived from Charles Simoneau, and also evidence tending to prove that the lot was an out-lot within the purview of the act of 1812, and that Simoneau was in possession and cultivation of it prior to the 20th December, 1803.

After the testimony closed, the court instructed the jury that "there was no evidence that Simoneau cultivated any out-lot or common-field lot; nor that any one existed at the place where the cultivation was; nor had the act of 1812 application to this land, so far as Simoneau, or those claiming under him, are concerned. And further, that if there had existed an out-lot or common-field lot, undefined by boundaries, which was claimed on the ground of inhabitation, cultivation, or possession, then the act of the 26th May, 1824, required that the fact of inhabitation, cultivation, or possession, and the boundaries and extent of such claim, should be proved before the recorder of land titles, to enable the surveyor-general to distinguish the private from the vacant lots. And no steps having been taken under the act of 1824, nor any authoritative location or survey of the land, at any time, either under the Spanish government or the government of the United States, the evidence given in this case will not enable the defendant to resist a recovery by the plaintiff."

The case of Guitard et al. v. Stoddard, 16 How. 494, decided since this case was tried at the circuit, disposes of both branches of the instructions to which we have referred, holding that whether or not the lot, and the inhabitation, cultivation, or possession thereof came within the purview of the act of 1812, were questions of fact for the jury; and that the neglect to procure the survey and location, under the act of 1824, did not operate to impair or forfeit the title acquired under that of 1812.

As the judgment of the court below must be reversed for errors in the instructions referred to, it is unimportant to take notice of any other questions raised on the trial or in the argument.

Judgment reversed, and *venire de novo* to issue.