FLORENCE DALTON v. CLEVELAND ELEC. ILL. CO.

**Whether Ordinance Requiring Erection of Guard Rails Applies To Interior Areaway is Question for Jury.**

Whether an ordinance requiring owners of property along street lines and on areaways back from streets, where the level is above that of the street, to erect guard rails to prevent injury to persons passing by, applies to the owner of a lot which he had permitted to be generally and extensively used for many years by persons on foot and by vehicles, as a passage way leading from a street to an alley and along which and adjoining

his building he has constructed a side walk and a paved drive way is a question for the jury, and a determination by the court that the ordinance was without application and inadmissible in evidence, as a matter of law, constitutes error requiring a reversal of the judgment based thereon.

ERROR.

*Payer, Winch, Minshall & Karsh,* for plaintiff in error.
*Squire, Sanders & Dempsey,* for defendant in error.

## WASHBURN, J.

Plaintiff in error, a child about four years of age, while playing on the property of defendant in error, in the city of Cleveland, Ohio, fell into an areaway and broke her arm. She brought suit to recover for her injury. At the trial, in support of the allegations of her petition, she offered certain ordinances of the city of Cleveland which she claimed required the defendant in error to guard said areaway by a railing along the same. Objection to this evidence was sustained and exception duly noted. At the close of plaintiff's evidence the trial court sustained the motion of defendant in error for a judgment in its favor, to which ruling plaintiff in error excepted, as she also did to the overruling of her motion for a new trial.

The theory of the defendant in error which seems to have been the basis of the court's action, was that the plaintiff in error was a trespasser, or at least a bare licensee to whom the defendant in error owed no duty which it violated, and that the ordinances in question were not applicable to the situation, or did not create a duty to the plaintiff in error.

The evidence, as shown by the record, tended to prove that the ground where the plaintiff in error was injured, which was a part of a vacant lot, had been used for more than twenty-one years as a passageway from the street to an alley, along which were manufacturing plants, and that it had been very generally and extensively used by persons on foot and by vehicles of all descriptions; that about three or four years before the accident the defendant in error construed a building on the portion of said lot just west of said passageway, and that on the east side of said building and along said passageway it constructed an areaway about 16 or 18 inches below the surface of the ground, and that it built a coping along the edge of said areaway about 12 or 15

Dalton v. Cleveland Elec. Ill. Co.

inches high, so that the areaway was a little less than three feet deep from the top of the coping. This areaway was along the east side of said building, and the defendant in error constructed along the east side of the areaway and immediately adjoining it a stone sidewalk leading from the street to the rear of the building, and also paved said driveway, which immediately joined said sidewalk on the east.

Said driveway, after said improvements were made, continued to be extensively used by the public in going from said street to and along said alley, and in the photographs in the record it has the appearance of being a street, but it is conceded that it is, in fact, private property.

The ordinances in question require protection by railings along areaways along street lines and also along areaways back from the street, but whose protection the railings along areaways back from the street are required is not stated, and we need not determine in this case; nor does it appear how deep the excavation must be in order to be an areaway within the meaning of the ordinances.

In view of the situation disclosed by this record we do not feel that it was the province of the court to determine, as a matter of law, that a railing along the areaway in question was or was not required by said ordinances.

The ordinances provide for guard rails on areaways adjoining streets; there could be no two opinions about the matter, and therefore a question properly to be determined by the court, if the areaway was along the line of the sidewalk on a dedicated public street. But the ordinances also provide for guard rails on areaways along public spaces or any passageway or court.

The defendant in error, having built the sidewalk and created the situation which has the appearance of a street, and having, so far as the record now discloses, permitted it to be in all respects used as a street or passageway, we think that it was a question for the jury, under proper instructions by the court, to determine whether or not, under all the circumstances, this areaway was so situated as to be within the purview of said ordinance, and therefore was required to be provided with a guard or rail. *Sovignac* v. *Garrison*, 59 U. S. (18 How.) 136 [15 L. Ed. 290].

But defendant in error contends that, conceding that the ordinances required a railing under the circumstances here disclosed, still that requirement was not for the benefit of plaintiff in error, who had no business upon said property and was at best a mere licensee; that its duty to such is fixed by the common law, and that the effect of the ordinances is not to extend its duties to those to whom it theretofore owed no duty, but rather to define and fix the extent of the duty to those to whom it already owed a duty.

It is conceded by the plaintiff in error that but for these ordinances the plaintiff in error was, under the laws of Ohio, a mere licensee, and could not, at common law, recover damages for her injury from the defendant in error; but she claims that said ordinances required a guard rail along the areaway in question and that such requirement was for the benefit of the public generally, herself included, and that the common law rule of duty owed by property owners to trespassers and licensees has been modified by said ordinances.

The question thus presented is not a new one; it has been before many courts and there is an apparent diversity of opinion in reference to the matter.

We may eliminate those cases where the ordinance or statute imposed duties to or for the benefit of the municipality or the public, as an entity, for in such cases individuals, as such, have no right of action growing out of the violation of the ordinance or statute.

There is also a class of cases where duties are imposed for the benefit of a particular class, and in such cases only the persons coming within the particular class can complain of the violation of the ordinance or statute.

There is, however, a third class of cases in which the ordinance or statute imposes duties for the benefit of the public considered as a composite of individuals. It is said in one of the cases, speaking of this class of ordinances, that:

"There are police regulations for the protection of the public relative to matters with which the public contact is commonly through individuals, and as to which the individuals are entitled to assume that the law has been observed."

Dalton v. Cleveland Elec. Ill. Co.

The line of demarcation between the second and third classes above mentioned is not clearly defined in the cases, and it is not our purpose to try to lay down any general rule on the subject.

It is sufficient to observe that the cases where the ordinance or statute has been held to be for the benefit of a particular class are cases where the thing or object which is the subject of the law and required to be guarded is usually or almost necessarily removed from contact with the general public, or cases where, because of the peculiar wording of the law, it is apparent that it is for the benefit of a particular class.

None of them, so far as we have been able to ascertain, have been cases where the thing to be guarded is close to and open to a public street, and although upon private property is at a place where the public generally have a right to go or by long continued custom have been in the habit of going.

In the case at bar the evidence tends to prove that the areaway in question was close to a public street and was alongside of the part of defendant in error's property which it had improved, so as to give it the appearance of a street, and which it had permitted to be used as a street by the general public for many years.

If, under the court's instruction as to the objects and purposes and meaning of the ordinances, the jury should find facts which brings this areaway within the terms of the ordinances, then under the situation which the evidence as it now is tends to prove, we hold that the requirement of a guard or railing on said areaway is not for the benefit of a particular class but for the benefit of the public, considered as a composite of individuals, and that a right of action arises in one of the public when he has sustained some special injury by reason of a non-compliance with the ordinances, irrespective of the fact that at common law he would be considered a mere licensee. *Conway* v. *Monidah Trust Co.*, 47 Mont. 269 [132 Pac. 26], and cases therein cited.

Although not directly in point, this conclusion is aided by a consideration of the cases on the question of what constitutes an invitation by an owner to the public to come upon his premises. While it is definitely settled in Ohio that a mere permission by the owner of the use of his premises will not be considered as an

inducement, or an allurement, or an enticement so as to amount to an invitation, still it has not been determined that where an owner improves his property so that it may be used by the public as a street, and permits the public to so use it as a street, that under such circumstances there may not be an implied invitation on the part of the owner to so use his property; at least it has not been determined that under such circumstances the trial court is justified in finding as a matter of law that such person is a trespasser to whom the owner owes no duty.

It must be remembered that we have before us a case where the various questions which we have been discussing were determined by the court as matters of law, and that the rule as stated by an eminent authority, is that:

"Where the facts are undisputed, and where, although undisputed, the inference to be deduced from them is clear and certain, it is a question of law for the court. Although the facts are not controverted, yet if different minds may reasonably draw different conclusions, the question is one for the jury as one of fact, and not for the court as one of law."

It is further claimed by the defendant in error that even if it was negligence on its part not to have a railing on said areaway, still such negligence is not proven by the record to have been the proximate cause of plaintiff's injury.

Whether or not a non-compliance with the statute was the proximate cause of plaintiff's injury is not, as we view it, under the evidence now in the record, a question for the court to determine. Proximate cause is usually a mixed question of law and fact. It is not necessary to prove the cause to a demonstration; if the evidence establishes circumstances from which it may fairly be inferred that there is reasonable probability that the neglect complained of caused the injury, then it is clearly a question for the jury. *Haynes* v. *Michigan Central Ry.*, 111 U. S. 228, 238 [28 L. Ed. 410; 4 Sup. Ct. 369].

We hold that the evidence offered was competent and that the case should have been submitted to a jury, and that it was error for the court to direct a verdict for the defendant in error.

Judgment reversed and cause remanded.

GRANT and DUNLAP, JJ., concur.